IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          No. CV 10-0995 MCA/RLP
                                              CR 03-1655 MCA

ERVIN HARRY CHARLEY,

      Defendant.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 36) filed on October 20, 2010. In 2004, the Court accepted Defendant's guilty plea to an indictment under 18 U.S.C. §§ 1111, 1153, for second degree murder in Indian Country. The presentence report recommended adding two points to Defendant's Criminal History calculation under U.S.S.G. § 4A1.1(c) for two prior state-court DUI convictions. On March 23, 2004, the Court entered judgment on Defendant's conviction, and he did not file a notice of appeal. More than six years later he filed the instant motion. He asserts that, due to an intervening change in the law, his motion is timely and his sentence should be reduced. Defendant also contends that his attorney provided ineffective assistance by not arguing against the sentence enhancement, causing him actual prejudice.

Defendant's claims for relief are based on the Supreme Court's recent decision in *Begay v. United States*, 553 U.S. 137 (2008). In *Begay*, the Court ruled that a prior DUI conviction does not constitute a violent felony for purposes of sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), (2)(B)(ii). *See Begay*, 553 U.S. at 148. Here, by contrast, nothing in Defendant's criminal prosecution implicates the ACCA's provisions, and his prior DUI

convictions were used simply to calculate his criminal history under U.S.S.G. § 4A1. As the Court of Appeals for the Tenth Circuit stated in another recent non-ACCA case, "*Begay* is inapposite to the question of whether a defendant should receive one point for a state DUI under U.S.S.G. § 4A1.2." *United States v. Holcomb*, 370 F. App'x 943, 946 (10th Cir. 2010). Furthermore, as in *Holcomb*, Defendant's allegation that he was prejudiced by his attorney's failure to argue against the violent-felony enhancement "reflects a patent and important misunderstanding of *Begay*." *Id.* at 947. Even if *Begay* were given retroactive effect, the decision does not apply to Defendant's sentence.

As noted above, Defendant filed his § 2255 motion long after expiration of the statute's one-year limitation period. He argues that his motion is timely because of *Begay*'s retroactive intervening change in the law. This argument implicitly invokes the accrual provisions in § 2255(f)(3) for the one-year limitation period for a § 2255 motion. The pertinent statutory language is that "[t]he limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Because *Begay*'s change in the law does not apply to Defendant's sentence, *see Holcomb*, 370 F. App'x at 946, no "right has been newly recognized," § 2255(f)(3). The accrual provisions of § 2255(f)(3), therefore, have not delayed the running of the limitation period applicable to Defendant's motion.

Defendant's conviction became final in 2004, and the one-year limitation period in § 2255 has expired. *See United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). Defendant's motion is untimely and must be dismissed unless he presents grounds for tolling. *See United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at \*\*1 (10th Cir. Dec 13, 1999). The Court raises the time bar to Defendant's § 2255 motion *sua sponte* and will allow him an opportunity to respond.

*See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at \*\*1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding).  Failure to respond to this Order or otherwise show cause may result in dismissal of the § 2255 motion without further notice.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this Order, Defendant file a response showing cause, if any, why his § 2255 motion should not be dismissed as untimely.

_____
Richard L. Puglisi
Chief United States Magistrate Judge